UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICK MILETAK,<br><br>        Plaintiff,<br><br>v.<br><br>ACUITY MUTUAL INSURANCE COMPANY,<br><br>        Defendant. | Case No. 22-cv-00633-BLF<br><br>**ORDER REGARDING PENDING MOTIONS**<br><br>[Re: ECF No. 16, 17, 20, 41] |

In this case, *pro se* Plaintiff Nick Miletak sues Defendant Acuity Mutual Insurance Company for defamation, intentional infliction of emotional distress, and intentional interference with economic advantage. Miletak alleges that Darcel Lang, an employee of Acuity, falsely reported Miletak to Miletak's employer about improper conduct related to an insurance claim made by Miletak's goddaughter. Miletak alleges that the report caused him humiliation and led him to resign from his employment. Miletak filed this lawsuit in Santa Clara County Superior Court on November 10, 2021. Acuity answered the complaint and Lang filed a cross-claim against Miletak for defamation. Defendants removed the case to this Court in January 2022.

Now before the Court are four motions, three by Miletak and one by Defendants. First, Miletak moves to remand this case to Santa Clara County Superior Court. *See* ECF No. 17. Second, Miletak moves to dismiss Lang's cross-claim under Rule 12(b)(6). *See* ECF No. 16. Third, Miletak moves to strike Lang's cross-claim under California's anti-SLAPP law. *See* ECF No. 20. Finally, Defendants move to declare Miletak a vexatious litigant—or, more precisely, to extend a previous order declaring him a vexatious litigant to include the Defendants here. *See* ECF No. 41.

For the reasons described below, the Court (1) DENIES Miletak's motion to remand; (2)

1 GRANTS Miletak's motion to dismiss Lang's cross-claim WITH LEAVE TO AMEND; (3)

2 DEFERS ruling on Miletak's motion to strike Lang's cross-claim; and (4) DENIES Defendants'

3 motion to declare Miletak a vexatious litigant.

### I. MOTION TO REMAND

Miletak first requests that this Court remand this case to the Santa Clara County Superior Court. ECF No. 17. Miletak argues that this Court does not have diversity jurisdiction because (1) it is unclear that Defendants are diverse from him, *see* ECF No. 17-1 at 8–10; and (2) the amount-in-controversy is less than $75,000, *see id.* at 10–12. Defendants oppose the motion to remand. *See* ECF No. 23. The Court will deny the motion.

A suit may be removed from state court to federal court only if the federal court would have originally had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). The party seeking removal has the burden of proof to show removal is necessary. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). The propriety of removal is "analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

A federal court possesses diversity jurisdiction if (1) there is complete diversity of citizenship among the parties, and (2) the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332. The Court finds that both prongs are met and so removal was proper.

First, there is complete diversity of parties. As is alleged in his complaint, Miletak is a citizen of California because he is domiciled there. *See* ECF No. 1-1 ("Compl.") ¶ 9. As stated in the notice of removal—and indeed, as alleged in Miletak's own Complaint—Acuity is an LLC with its principal place of business in Wisconsin. *See* ECF No. 1 ¶ 5B; *see also* Compl. ¶ 10. And

Lang is a citizen of Nevada. *See* ECF No. 1 ¶ 5C. None of the parties is from the same state, so there is complete diversity. Miletak's argument that Defendants' notice of removal is insufficiently specific, *see* ECF No. 17-1 at 8–10, is specious, as the allegations in his own Complaint comport with the allegations of Acuity's citizenship in Defendants' notice of removal. Miletak only belatedly challenges Lang's citizenship in his reply brief, arguing that she is fraudulently joined to "establish diversity jurisdiction." ECF No. 25 at 3. But this makes no sense. Even disregarding Lang, Miletak and Acuity are diverse to each other. Miletak's arguments are thus unpersuasive and the Court finds that complete diversity exists here.

Second, the amount-in-controversy is over $75,000. In their notice of removal, Defendants state that Miletak made a settlement demand in excess of $75,000. *See* ECF No. 1 ¶ 4. Miletak does not contest that an earlier demand was for greater than $75,000, but instead states that his most recent demand was for $73,500, below the jurisdictional minimum. ECF No. 17-1 at 10–12; *see also* ECF No. 17-2 at Ex. 1 (latest settlement demand). As the parties accept, in the absence of specific amounts stated in a complaint, settlement demands can be one source of evidence of the amount-in-controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839–40 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount-in-controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). While Miletak reduced his demand below the jurisdictional minimum as negotiations continued, he admits that his initial offer was for $247,000. *See* ECF No. 25 at 2. Miletak cannot now avoid federal jurisdiction by lowering his settlement demand below the jurisdictional minimum. Because Miletak admits that his earlier settlement demands were well in excess of the jurisdictional minimum, the Court finds that the amount-in-controversy requirement is met.

The Court thus possesses diversity jurisdiction over this case, and so the case was properly removed to federal court. Miletak's motion to remand is DENIED. Defendants' cursory request for sanctions against Miletak under Federal Rule of Civil Procedure 37 for bringing this motion to remand is DENIED.

## II. MOTION TO DISMISS CROSS-CLAIM

Miletak next moves to dismiss Lang's cross-claim under Rule 12(b)(6). ECF No. 16.

Miletak argues that Lang fails to state a defamation claim for two reasons. First, Miletak argues that Lang fails to adequately specify the statements that amounted to defamation. *Id.* at 9–10. Second, Miletak argues that the communications that Lang identifies are protected by the California litigation privilege. *Id.* Lang opposes the motion by responding to both arguments and contending that Miletak's motion to dismiss is untimely. ECF No. 22.

      "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

      First, the Court agrees with Lang that the motion to dismiss is untimely. Miletak admits that he was served with the answer and cross-complaint "around January 28, 2022." ECF No. 28 at 2. The copy of the answer and cross-complaint in the docket (as filed in the Santa Clara County Superior Court) indicates that Miletak was served with the answer and cross-complaint on January 28, 2022. ECF No. 6-2 at 6. That same day, Miletak was served with Defendants' notice of removal. ECF No. 14, Exs. A–B. Even assuming that Miletak's time to respond did not begin

4

until January 31, 2022—the day that the removed case was docketed in this Court—Miletak's response to the cross-claim was due on February 21, 2022, twenty-one days later. *See* Fed. R. Civ. P. 12(a)(1)(B). Miletak's motion to dismiss the cross-claim was not filed until February 23, 2022, two days after that deadline. *See* ECF No. 16. Miletak cites no case holding that Defendants' tardy filing of the *proof* of service made removal ineffective until that proof was filed, and the Court is not aware of any such authority. The Court, however, is mindful that courts typically grant pro se litigants some leeway in meeting deadlines due to their lack of experience with the legal system. *See Fitzgerald v. Gem Funding, LLC*, 2022 U.S. Dist. LEXIS 16358, at *1 (N.D. Cal. Jan. 28, 2022) (granting pro se litigant "one-time extension" of deadline to allow litigant to "familiarize himself with the deadlines set out in the Civil Local Rules and the Federal Rules of Civil Procedure"). While Miletak is a self-admitted frequent litigator and should be familiar with the rules, the Court will grant him a one-time two-day extension and consider his motion to dismiss the cross-claim.

Miletak's first argument is that Lang fails to sufficiently identify the defamatory statements that are the subject of the cross-claim. *See* ECF No. 16 at 9–10. Miletak says that Lang fails to identify the "substance of the statements" that are alleged to be defamatory, even if she need not plead the defamatory statements verbatim. *Id.* Lang argues that Miletak has sufficient notice of the defamatory statements because she has identified the three sources of those statements: a claim with the Nevada Division of Insurance, this lawsuit, and a letter to Acuity executives. ECF No. 22 at 2–3. The Court agrees with Lang that she has sufficiently identified the relevant statements with sufficient particularity. "Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the alleged defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement." *Care Plus Ins. Mktg. v. Conn. Gen. Life Ins. Co.*, 2010 WL 5394772, at *5 (C.D. Cal. Dec. 21, 2010) (quoting *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004)). Here, Lang has identified the three sources of the defamatory statements: the allegations in the complaint in this case, the claim with the Nevada Department of Insurance, and a letter to Acuity executives. ECF No. 6-2 ¶ 2. It is also clear that Miletak knows the "substance of the statement[s]" that are

1  alleged to be defamatory:  Miletak's claim that Lang made a false complaint about Miletak to

2  superiors about Miletak's alleged misuse of Acuity company resources.  Lang has thus met the

3  requirements for identifying the substance of the allegedly defamatory statements.

4      The larger issue with Lang's claim involves Miletak's second argument:  that his

5  communications are protected under the California litigation privilege.  ECF No. 16–1 at 10.

6  California Civil Code § 47(b) states that "[a] privileged publication . . . is one made . . . in any . . .

7  judicial proceeding."  Under this law, "communications made in or related to judicial proceedings

8  are absolutely immune from tort liability."  *Ingrid & Isabel, LLC v. Baby Be Mine, LLC*, 70 F.

9  Supp. 3d 1105, 1140 (N.D. Cal. 2014).  Courts apply the privilege to all torts except malicious

10 prosecution.  *Id.*; *cf. Visto Corp. v. Sproqit Tech.*, 360 F. Supp. 2d 1064, 1070 (N.D. Cal. 2005)

11 (intentional interference with prospective economic advantage).  The privilege applies to "any

12 communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other

13 participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some

14 connection or logical relation to the action."  *Baby Be Mine*, 70 F. Supp. 3d at 1140 (quoting

15 *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)).  "Pleadings . . . in a case are generally viewed as

16 privileged communications," particularly where they are in the form of a claim that "furthers a

17 litigant's interest in a case."  *Navellier v. Sletten*, 106 Cal. App. 4th 763, 771 (2003).  The

18 privilege even applies to prelitigation communications, so long as they are made "in good faith

19 and actual contemplation of litigation."  *Visto*, 360 F. Supp. 2d at 1070; *accord Eisenberg v.*

20 *Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1380 (1999).

21     The Court agrees with Miletak that as presently pleaded, Lang's cross-claim attacks three

22 types of communications protected by the litigation privilege.  First, Miletak's filing of this

23 lawsuit is clearly protected by the litigation privilege.  *Navellier*, 106 Cal. App. 4th at 771

24 (pleadings are protected litigation communications).  Second, Miletak's filing of a complaint with

25 the Nevada Department of Insurance is also a protected communication because it involves

26 reporting suspected wrongdoing to a government agency.  *Beck v. City of Upland*, 2005 U.S. Dist.

27 LEXIS 55933, at *8–10 (C.D. Cal. Apr. 4, 2005); *see also Fremont Comp. Ins. Co. v. Super. Ct.*,

28 44 Cal. App. 4th 867, 876–77 (1996) (litigation privilege applied to insurer's statement to state

1  department of insurance accusing physician of insurance fraud). Finally, Miletak's letter to Acuity
2  representatives is also a protected communication because it contains the facts underlying
3  Miletak's case and makes a settlement demand. *See* ECF No. 29-1, Ex. 2 (explaining the alleged
4  claims Miletak had against Acuity, the factual basis for those claims, and making a settlement
5  demand). Pre-litigation demand letters are protected by the litigation privilege. *eCash Techs., Inc.*
6  *v. Guagliardo*, 127 F. Supp. 2d 1069, 1082 (C.D. Cal. 2000). Lang does not respond to the
7  litigation privilege argument in any substance. Thus, as currently pleaded, the three sources of the
8  defamatory statements are thus protected by the California litigation privilege, and so the cross-
9  claim is subject to dismissal.

10  The Court will grant leave to amend the cross-claim because it is not absolutely clear that
11  amendment would be futile. If Lang chooses to amend her cross-claim, she must plead how the
12  statements are outside of the California litigation privilege. Lang should carefully consider
13  whether she can do so. Miletak's motion to dismiss the cross-claim is thus GRANTED WITH
14  LEAVE TO AMEND.

### III. MOTION TO STRIKE CROSS-CLAIM

16  Miletak's final motion is a motion to strike the cross-claim under California's anti-SLAPP
17  law. *See* ECF No. 20. Miletak argues that Lang's cross-claim arises from Miletak's protected
18  litigation activity—the filing of this lawsuit, a complaint to the Nevada Department of Insurance,
19  and a pre-suit letter to Acuity executives—and that Lang does not have a probability of prevailing.
20  *Id.* at 4. Lang opposes the motion. *See* ECF No. 31.

21  "Under California's anti-SLAPP statute, a defendant may bring a special motion to strike a
22  cause of action arising from constitutionally protected speech or petitioning activity." *Barry v.*
23  *State Bar of California*, 2 Cal. 5th 318, 320 (2017). "Unless the plaintiff establishes a probability
24  of prevailing on the claim, the court must grant the motion and ordinarily must also award the
25  defendant its attorney's fees and costs." *Id*. "The analysis of an anti-SLAPP motion proceeds in
26  two steps." *Barry*, 2 Cal. 5th at 321. "At the first step, the [movant] bears the burden of
27  identifying all allegations of protected activity, and the claims for relief supported by them."
28  *Baral v. Schnitt*, 1 Cal. 5th 376, 396 (2016). "When relief is sought based on allegations of both

protected and unprotected activity, the unprotected activity is disregarded at this stage." *Id*. Only "[i]f the court determines that relief is sought based on allegations arising from activity protected by the statute" is the second step reached. *Id.* At step two, "the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated." *Baral*, 1 Cal. 5th at 396.

Where the anti-SLAPP motion challenges only the legal sufficiency of the claims, the district court applies the Rule 12(b)(6) standard to consider whether a claim is stated. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), *amended*, 897 F.3d 1224 (9th Cir. 2018). If the challenged claims are not adequately stated in the initial pleading, the district court may defer consideration of the anti-SLAPP motion pending the filing of an amended pleading. *See Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091–92 (9th Cir. 2004) (holding that district court did not err in deferring consideration of Covad's anti-SLAPP motion pending receipt of Verizon's first amended complaint, and affirming denial of anti-SLAPP motion to strike first amended complaint).

The Court has already found that the cross-claim was not adequately pled. *See supra* Section III. Accordingly, the Court will exercise its discretion to defer consideration of the anti-SLAPP motion pending the filing of an amended cross-claim, if Lang chooses to file an amended cross-claim. *Verizon Delaware*, 377 F.3d at 1091–92. Lang should carefully consider whether she can adequately amend her cross-claim. The factual allegations supporting the cross-complaint appear to be based on protected activity under prong 1 of the anti-SLAPP analysis, so Lang would need to provide summary-judgment-style evidence of a probability of prevailing under prong 2.

Miletak's motion to strike is accordingly DENIED WITHOUT PREJUDICE to filing a renewed motion to strike any amended cross-claim.

**IV.     MOTION TO DECLARE MILETAK A VEXATIOUS LITIGANT**

Defendants have filed a motion to declare Miletak a vexatious litigant. ECF No. 41. Defendants point out that Miletak has already been declared a vexatious litigant in this District as to claims made against AT&T, Pacific Bell, or any of their subsidiaries or employees arising out of or related to a settlement agreement between Miletak and AT&T. *See* ECF No. 123, *Miletak v.*

8

1  *AT&T Servs., Inc.*, No. 12-cv-5326 (N.D. Cal. Mar. 4, 2021) ("AT&T Ord."). Defendants argue that that vexatious litigant order should be extended to include this case and these Defendants. ECF No. 41. Miletak opposes the motion. ECF No. 46.

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Restricting access to the courts is, however, a serious matter." *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014). "[T]he right of access to the courts is a fundamental right protected by the Constitution," and "[p]rofligate use of pre-filing orders could infringe this important right." *Id.* at 1061-62 (cleaned up). Thus, "pre-filing orders should rarely be filed," and only when certain requirements are met. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1148). A district court therefore has discretion to restrict a litigant's future filings by requiring leave of court. *See De Long*, 912 F.2d at 1146-47.

A court must analyze the four *De Long* factors before imposing pre-filing restrictions. A district court must: "(1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" *Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147-48). "The first and second of these requirements are procedural," while the third and fourth requirements are "substantive considerations" helpful to defining who is a vexatious litigant and fashioning an appropriate remedy." *Id.* at 1062.

The Court finds that these factors do not favor finding Miletak a vexatious litigant as to these Defendants or on this issue. In particular, on the third factor, the Court is not in a position to evaluate whether Miletak's claims in this case amount to "frivolousness or harassment" at this juncture. *Ringgold-Lockhart*, 761 F.3d at 1062. Defendants, to be sure, assert that Miletak's

9

allegations are frivolous and meant to harass them. But Defendants have answered Miletak's complaint, and this case is in its infancy. It would thus be inappropriate to judge whether Miletak's allegations are meritorious at this stage.

Neither the previous pre-filing restrictions instituted against Miletak regarding certain types of claims nor Miletak's litigation history compel a different conclusion. The pre-filing restrictions in Miletak's case against AT&T were instituted due to Miletak's filing of three separate lawsuits and myriad motions concerning a single settlement agreement between Miletak and AT&T, his previous employer. *See* AT&T Ord. at 1. The court in that case was well-positioned to evaluate the frivolousness of Miletak's claims in those lawsuits after nearly nine years of litigation; the Court here is not. Similarly, while Miletak himself admits that he has a long litigation history, the Court is not convinced that that history is particularly probative of the merits of the claims here. Most of the cases that Defendants catalogue challenged allegedly inaccurate information on Miletak's credit or background reports. *See* ECF No. 41 at 6–14. But this case does not involve those allegations, and Defendants do not allege that Miletak has previously made either (1) the claims he makes in this lawsuit or (2) other claims against these Defendants. Without such allegations, the Court can neither assess whether these claims are frivolous or harassing nor justify even a narrowly tailored pre-filing order to this case. *Ringgold-Lockhart*, 761 F.3d at 1062. The Court will accordingly not declare Miletak a vexatious litigant.

\*   \*   \*

This case will go forward. But in just the first four months of this case, the parties have already shown signs that they are unwilling to cooperate in basic procedures of litigation. Defendants have submitted unilateral case management statements that Miletak has allegedly refused to sign. In their pleadings and motions, the parties have included gratuitous and inappropriate personal attacks on each other. The Court will not tolerate these practices. As this case proceeds, the parties are warned that engaging in such tactics may result in sanctions.

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

- Miletak's motion to remand is DENIED;

10

- Miletak's motion to dismiss Lang's cross-claim is GRANTED WITH LEAVE TO AMEND;
- Miletak's motion to strike Lang's cross-claim is DENIED WITHOUT PREJUDICE to renewing the motion to strike against an amended cross-claim; and
- Defendants' motion to declare Miletak a vexatious litigant is DENIED.

If Lang elects to amend her cross-claim, she SHALL file an amended cross-claim within **30 days of this Order**. Failure to a timely file an amended cross-claim or address the deficiencies identified in this Order will result in dismissal of the cross-claim with prejudice.

Dated:  June 13, 2022

_____
BETH LABSON FREEMAN
United States District Judge

11