**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NICK MILETAK,<br><br>        Plaintiff,<br><br>    v.<br><br>ACUITY MUTUAL INSURANCE COMPANY,<br><br>        Defendant. | Case No. 22-cv-00633-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS THE CROSS-CLAIMS AND GRANTING PLAINTIFF'S MOTION TO STRIKE**<br><br>[Re: ECF No. 59] |

In this case, *pro se* Plaintiff Nick Miletak sues Defendant Acuity Mutual Insurance Company for defamation, intentional infliction of emotional distress, and intentional interference with economic advantage. Miletak alleges that Darcel Lang, an employee of Acuity, falsely reported Miletak to Miletak's employer about improper conduct related to an insurance claim made by Miletak's goddaughter. Miletak alleges that the report caused him humiliation and led him to resign from his employment. Miletak filed this lawsuit in Santa Clara Superior Court on November 10, 2021. *See* ECF No. 6–1 ("Compl."). Defendant Darcel Lang brought a cross-claim for defamation, which accompanied Defendants' Answer. *See* ECF No. 6–2 ("Answer & Cross-cl."). Defendants removed the case to this Court on January 31, 2022. *See* ECF No. 1. Miletak then filed a motion to dismiss and a motion to strike Lang's cross-claim, as well as a motion to remand the case in its entirety for lack of subject matter jurisdiction. *See* ECF Nos. 16, 17, 20. Defendants' also filed a motion to deem Miletak a vexatious litigant. *See* ECF No. 41. The Court denied Miletak's motion to remand, granted Miletak's motion to dismiss Lang's cross-claim with leave to amend, denied Miletak's motion to strike without prejudice, and denied Defendants' motion to declare Miletak a vexatious litigant. *See* ECF No. 51 ("Order re Pending Mots.") at 10–11.

Defendant filed an amended answer, as well as cross-claims by Lang for Intentional Infliction of Emotional Distress ("IIED") and Negligent Infliction of Emotional Distress ("NIED") and by Acuity for malicious prosecution. *See* ECF No. 55 ("Am. Answer & Cross-cl."). Now before the Court is Miletak's motion to dismiss Lang's amended cross-claims for IIED and NIED, Miletak's motion to dismiss Acuity's cross-claim for malicious prosecution, and Miletak's motion to strike all three claims under California's anti-SLAPP law. *See* ECF No. 59 ("Mot."); *see also* ECF No. 63 ("Reply"). Defendants oppose the motion. *See* ECF No. 62 ("Opp.").

For the reasons discussed herein, the Court (1) GRANTS Miletak's motion to dismiss Lang's cross-claim for IIED; (2) GRANTS Miletak's motion to dismiss Lang's cross-claim for NIED; (3) GRANTS Miletak's motion to dismiss Acuity's cross-claim for malicious prosecution; and (4) GRANTS Miletak's motion to strike under California's anti-SLAPP law.

## I. MOTIONS TO DISMISS

### A. Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *See MGIC Indem. Corp. v.*

*Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### B. Motion to Dismiss Lang's Cross-claims for IIED and NIED

Darcel Lang alleges IIED by Miletak for "pursuing frivolous litigation alleging defamation and related causes of action for a single statement allegedly made by Ms. Lang to Mr. Miletak's employer." Am. Answer & Cross-cl. ¶ 9. Lang alleges that these actions caused her "substantial and enduring emotional distress." *Id.* ¶ 10. Darcel Lang additionally alleges NIED, claiming that Miletak "negligently engaged in certain acts, and filed a frivolous, ridiculous and baseless lawsuit, which proximately resulted in injury and emotional distress." *Id.* ¶ 15. Miletak filed a motion to dismiss these cross-claims, arguing that the underlying factual basis for the IIED and NIED claims is protected by litigation privilege. Mot. at 9–10. Miletak cites to this Court's prior Order, which dismissed Lang's earlier cross-claim for defamation on the same basis. *See* Order re Pending Mots. at 7.

In dismissing Lang's original cross-claim with leave to amend, the Court warned Lang to be cautious in bringing an amended claim, and to only do so if she could plead statements by Miletak unprotected by litigation privilege. *See* Order re Pending Mots. at 7. Lang, instead, appears to have merely changed the causes of action from defamation to IIED and NIED, while still basing the claim on Miletak's statements in this litigation. *Compare* Answer & Cross-cl. ¶ 2 *with* Am. Answer & Cross-cl. ¶¶ 9, 15. Cal. Civ. Code § 47(b) states that "[a] privileged publication . . . is one made . . . in any . . .judicial proceeding." Under this law, "communications made in or related to judicial proceedings are absolutely immune from tort liability." *Ingrid & Isabel, LLC v. Baby Be Mine*, LLC, 70 F. Supp. 3d 1105, 1140 (N.D. Cal. 2014). Therefore, a claim for IIED or NIED cannot be based on evidence protected by litigation privilege. *See id.* ("Courts have applied the litigation privilege to all torts, with the exception of actions for malicious prosecution."). The privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Id.* (quoting *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)). "Pleadings . . . in a case are

3

generally viewed as privileged communications," particularly where they are in the form of a claim that "furthers a litigant's interest in a case." *Navellier v. Sletten*, 106 Cal. App. 4th 763, 771 (2003); *see also Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d 1064, 1070 (N.D. Cal. 2005) (noting that the privilege even applies to prelitigation communications, so long as they are made "in good faith and actual contemplation of litigation."); *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1378 (1999). Thus, for the same reasons the Court outlined in its prior order, *see* Order re Pending Mots. at 6–7, Miletak's statements that form the basis for Lang's claims are protected by litigation privilege.

Therefore, the Court GRANTS Miletak's motion to dismiss Lang's cross-claims for IIED and NIED. The Court previously provided Lang leave to amend her cross-claim, giving her the opportunity to plead statements by Miletak that were not protected by the California litigation privilege. *See* Order re Pending Mots. at 7. Lang has not done so here, so the Court dismisses WITHOUT LEAVE TO AMEND.

**C. Motion to Dismiss Acuity's Cross-claim for Malicious Prosecution**

Acuity also brings a cross-claim against Miletak for malicious prosecution. *See* Am. Answer & Cross-cl. ¶¶ 2–7. Miletak originally filed his lawsuit against Acuity claiming "extreme embarrassment, humiliation and emotional and mental distress" for the allegedly false allegation that Plaintiff misused company resources. *See* Compl. ¶¶ 29, 33. Acuity alleges that Miletak filed this lawsuit "maliciously and for an improper purpose of continuing to harass Acuity and Ms. Lang." Am. Answer & Cross-cl. ¶6. Acuity alleges that "no reasonable person, including Miletak, would believe there was reasonable grounds to bring the lawsuit against Acuity." *Id.* ¶ 3. Miletak moves to dismiss the cross-claim, arguing that a malicious prosecution claim requires that a case be brought to its conclusion, which has not occurred, and that there is not sufficient evidence to determine whether the case was initiated with malice. *See* Mot. at 11–12.

The Ninth Circuit has outlined the test for malicious prosecution cases. "[I]n California, [malicious prosecution] has three elements: (1) the prosecution 'was commenced by or at the direction of the defendant and was pursued to a legal termination' in the plaintiff's favor; (2) 'was brought without probable cause'; and (3) 'was initiated with malice.'" *Myles v. United States*, 47

4

United States District Court
Northern District of California

F.4th 1005, 1014 (9th Cir. 2022) (citation omitted); *see also L. Offs. of Bruce Altschuld v. Wilson*, 632 F. App'x 321, 323 (9th Cir. 2015). "Malice in this context 'is not limited to actual hostility or ill will toward [the] plaintiff,' but also 'exists when proceedings are instituted primarily for an improper purpose' such as when 'the person initiating [the charges] does not believe that his claim may be held valid.'" *Myles*, 47 F.4th at 1014 (citation omitted) (alterations in original).

On this basis, Acuity's cross-claim for malicious prosecution clearly fails. The case remains active, and, consequently, it has not been "pursued to a legal termination in the plaintiff's favor." *See Myles*, 47 F.4th at 1014 (citation omitted) (internal quotations omitted). Acuity does not address this fact in its opposition, even though it cites to the correct legal test. *See* Opp. at 4.

Therefore, the Court GRANTS Miletak's motion to dismiss Acuity's cross-claim for malicious prosecution. Here, it is clear that any amendment would be futile since the case remains active and has not been pursued to termination in favor of the plaintiff. The Court will leave the door open for Acuity to file a new lawsuit should it prevail in defeating this case. Therefore, the Court dismisses the cross-claim without prejudice to filing a new lawsuit after this case has concluded.

**II.    MOTION TO STRIKE UNDER CALIFORNIA'S ANTI-SLAPP LAW**

Miletak also seeks to strike the cross-claims under California's anti-SLAPP law. *See* Mot. at 5–6. Though he does not specifically "move" to strike the claims, instead only asserting that anti-SLAPP law applies, *see id.* at 1, 5–6, the Court will overlook this pleading error as filings by *pro se* litigants are to be construed liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Additionally, Miletak incorrectly states that the malicious prosecution cross-claim was brought by Darcel Lang, *see* Mot. at 11, when it was actually brought by Acuity. *See* Am. Answer & Cross-cl., ¶ 1. This presents an issue with Miletak's motion to strike, as it is directed exclusively at cross-claims by "Darcel Lang[]." Mot. at 6. For the purposes of this Order, the Court will construe the motion to strike as applying to all three claims, as Miletak indicated that "[a]ll three of [sic] actions alleged in the amended cross complaint . . . are subject to the Anti-SLAPP statute . . ." *Id.* at 2.

"Under California's anti-SLAPP statute, a defendant may bring a special motion to strike a

cause of action arising from constitutionally protected speech or petitioning activity." *Barry v. State Bar of California*, 2 Cal. 5th 318, 320 (2017). "Unless the plaintiff establishes a probability of prevailing on the claim, the court must grant the motion and ordinarily must also award the defendant its attorney's fees and costs." *Id.* "The analysis of an anti-SLAPP motion proceeds in two steps." *Id.* at 321. "At the first step, the [movant] . . . bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them." *Baral v. Schnitt*, 1 Cal. 5th 376, 396 (2016). "When relief is sought based on allegations of both protected and unprotected activity, the unprotected activity is disregarded at this stage." *Id.* Only "[i]f the court determines that relief is sought based on allegations arising from activity protected by the statute" is the second step reached. *Id.* At step two, "the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated." *Id*. An analysis of each of these claims against this legal standard for anti-SLAPP analysis demonstrates that Miletak's motion to strike passes both steps for all three claims. Therefore, Nick Miletak's motion to strike Acuity's cross-claim for malicious prosecution and Lang's cross-claims for IIED and NIED is GRANTED for the reasons stated herein.

### A. Step 1 — Identification of Protected Activity

Here, Miletak argues that all three cross-claims he desires to be stricken — IIED, NIED, and malicious prosecution — "are barred by Plaintiff's immunity from actions protected by litigation privilege." *See* Mot. at 2. Protected activity for purposes of anti-SLAPP is defined in Cal. Civ. Proc. Code § 425.16(e) and includes a written statement in a judicial proceeding. *See* Cal. Civ. Proc. Code 425.16(e)(1) ("any written or oral statement or writing made before a . . . judicial proceeding . . ."). The cross-claims are based on Plaintiff's statements in this lawsuit. Additionally, courts have applied the anti-SLAPP statute to claims of IIED, NIED, and malicious prosecution. *See Sarver v. Chartier*, 813 F.3d 891, 907 (9th Cir. 2016) (affirming dismissal of an IIED claim pursuant to California anti-SLAPP statute); *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 961 (9th Cir. 2013) (dismissing an NIED claim pursuant to California anti-SLAPP statute); *Roberts v. McAfee*, Inc., 660 F.3d 1156, 1164–66 (9th Cir. 2011) (indicating that California's anti-SLAPP statute may properly apply to malicious prosecution claims). Cross-plaintiffs also do not

6

1  dispute that the protected activity was properly identified.  *See* Opp.

### B. Step 2 — Proof of Legal Sufficiency and Factual Substantiation

Now, the cross-plaintiffs must prove that these claims are legally sufficient and factually substantiated to satisfy Step 2 of the California anti-SLAPP analysis.  *See Baral*, 1 Cal. 5th at 396.  Cross-plaintiffs have not done so.  Where the anti-SLAPP motion challenges only the legal sufficiency of the claims, the district court applies the Rule 12(b)(6) standard to consider whether a claim is stated.  *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018).  Miletak's motion focuses on the legal sufficiency of the cross-claims.  *See* Mot. at 10 (asserting that the "causes of action contained in the amended cross-complaint fails [sic] to plead the necessary elements"); *see also Planned Parenthood*, 890 F.3d at 834 (applying Rule 12(b)(6) analysis if motion to strike is based on the same arguments as motion to dismiss with no additional evidentiary-based argument other than a declaration).  The Court has already performed a 12(b)(6) analysis on each of the three cross-claims and has found that none of them state a claim.  *See supra* I.B, I.C.  Further, neither Acuity nor Lang has offered any evidence to support their claims and the attorney argument suggesting such evidence is not sufficient.  *See* Opp.  Therefore, the cross-plaintiffs fail on Step 2.

### C. Attorney's Fees

Since the anti-SLAPP motion succeeds on all three cross-claims, the Court must now consider the issue of attorney's fees.  Under California's anti-SLAPP statute, "unless the plaintiff establishes a probability of prevailing on the claim, the court must grant the motion and *ordinarily must also award the defendant its attorney's fees and costs*."  *Barry*, 2 Cal. 5th at 320 (emphasis added); Cal. Civ. Proc. Code § 425.16(c)(1).  Here, cross-plaintiffs have not established a probability of prevailing on any of their claims.  However, since Miletak is representing himself *pro se*, no attorney's fees shall be awarded.  *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934 (9th Cir. 2007) ("Pro se plaintiffs . . . are not entitled to attorney's fees"); *see also Alfaro v. Real Time Resols.*, 19-cv-06365-BLF, 2020 WL 13470817, at *4 (N.D. Cal. Mar. 2, 2020).

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

- Nick Miletak's motion to dismiss Darcel Lang's amended cross-claim for intentional infliction of emotion distress is GRANTED WITHOUT LEAVE TO AMEND;
- Nick Miletak's motion to dismiss Darcel Lang's amended cross-claim for negligent infliction of emotion distress is GRANTED WITHOUT LEAVE TO AMEND;
- Nick Miletak's motion to dismiss Acuity's cross-claim for malicious prosecution is GRANTED WITHOUT PREJUDICE;
- Nick Miletak's motion to strike Acuity's cross-claim for malicious prosecution and Darcel Lang's amended cross-claims for intentional infliction of emotional distress and negligent infliction of emotional distress is GRANTED; and
- Attorney's fees are NOT GRANTED for Nick Miletak's motion to strike.

Dated: November 14, 2022

_____
BETH LABSON FREEMAN
United States District Judge