**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NICK MILETAK,<br><br>   Plaintiff,<br><br>   v.<br><br>ACUITY MUTUAL INSURANCE COMPANY,<br><br>   Defendant. | Case No.  22-cv-00633-BLF<br><br>**ORDER DENYING PLAINTIFF'S RULE 11 SANCTIONS MOTION**<br><br>[Re: ECF No. 66] |

In this case, *pro se* Plaintiff Nick Miletak sues Defendant Acuity Mutual Insurance Company for defamation, intentional infliction of emotional distress, and intentional interference with economic advantage. Miletak alleges that Darcel Lang, an employee of Acuity, falsely reported Miletak to Miletak's employer about improper conduct related to an insurance claim made by Miletak's goddaughter. Miletak alleges that the report caused him humiliation and led him to resign from his employment.

Miletak filed this lawsuit in Santa Clara Superior Court on November 10, 2021. *See* ECF No. 6–1. Defendant Darcel Lang brought a cross-claim for defamation, which accompanied Defendants' Answer. *See* ECF No. 6–2. Defendants removed the case to this Court on January 31, 2022. *See* ECF No. 1. Miletak then filed a motion to dismiss and a motion to strike Lang's cross-claim, as well as a motion to remand the case in its entirety for lack of subject matter jurisdiction. *See* ECF Nos. 16, 17, 20. Defendants also filed a motion to deem Miletak a vexatious litigant. *See* ECF No. 41. The Court denied Miletak's motion to remand, granted Miletak's motion to dismiss Lang's cross-claim with leave to amend, denied Miletak's motion to strike without prejudice, and denied Defendants' motion to declare Miletak a vexatious litigant. *See* ECF No. 51 at 10–11 ("Order re. Pending Mots."). Defendant filed an amended answer, as

1   well as cross-claims by Lang for Intentional Infliction of Emotional Distress ("IIED") and
2   Negligent Infliction of Emotional Distress ("NIED") and by Acuity for malicious prosecution.
3   *See* ECF No. 55 ("Am. Answer & Cross-cl."). Miletak then filed a motion to dismiss and a
4   motion to strike each of these cross-claims, *see* ECF 59, both of which the Court granted, *see* ECF
5   No. 74 ("Order re Am. Mots.").

6   Now before the Court is Miletak's motion for sanctions. Miletak's motions to dismiss the
7   cross-claims that accompanied Defendant's amended answer also included a cursory assertion that
8   cross-plaintiffs' counsel should be sanctioned pursuant to Federal Rule of Civil Procedure 11. *See*
9   ECF 59–1 ("Original Mot.") at 15. Defendants then filed an opposition, arguing their counsel
10  should not be sanctioned. *See* ECF No. 64 ("Opp."). Subsequently, Miletak filed a separate, more
11  detailed motion for sanctions that identified the allegedly violative conduct, as required by Rule
12  11(c)(2). *See* ECF No. 66–1 ("Mot.") at 4 (citing the requirement in Rule 11(c)(2) that "[a]
13  motion for sanctions must be made separately from any other motion and must describe the
14  specific conduct that allegedly violates Rule 11(b)"). Miletak also filed the required Certificate of
15  Service for his motion for sanctions. *See* ECF No. 73; Fed. R. Civ. P. 11(c)(2) ("The motion must
16  be served under Rule 5 . . ."); *see also* Mot. at 4. Defendants did not file any further opposition,
17  and the deadline for doing so has passed. *See* ECF No. 66.

18  For the reasons discussed herein, the Court DENIES Miletak's motion for this Court to
19  sanction Defendants' counsel pursuant to Rule 11.

20  **I.   LEGAL STANDARD**

21  Rule 11 of the Federal Rules of Civil Procedure imposes upon attorneys a duty to certify
22  that they have read any pleadings or motions they file with the court and that such
23  pleadings/motions are well-grounded in fact, have a colorable basis in law, and are not filed for an
24  improper purpose. *See* Fed. R. Civ. P. 11(b); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.,*
25  *Inc.*, 498 U.S. 533, 541–542 (1991). If a court finds that Rule 11(b) has been violated, the court
26  may impose appropriate sanctions to deter similar conduct. Fed. R. Civ. P. 11(c)(1); *see also*
27  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is
28  to deter baseless filings in district court."). However, "Rule 11 is an extraordinary remedy, one to

be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11 sanctions should be reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 1344. "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Id.*

In determining whether Rule 11 has been violated, a "court must consider factual questions regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading." *Cooter*, 496 U.S. at 399. However, courts should "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 Advisory Comm. Notes (1983 Amendment). "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter*, 496 U.S. at 396.

In the Ninth Circuit, Rule 11 sanctions are appropriate where: "(1) attorneys make or use a court filing for an improper purpose; or (2) such a filing is 'frivolous.'" *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc); *see also Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). A "frivolous" argument or claim is one that is "both baseless and made without a reasonable and competent inquiry." *Townsend*, 929 F.2d at 1362.

## II. DISCUSSION

Miletak argues that the Court should order sanctions because Defendants' cross-claims are frivolous. *See* Mot. at 6. Miletak argues that the cross-claims are frivolous because they fail to plead the required elements, as the underlying statements are protected by litigation privilege. *See id.* Additionally, Miletak asserts that Defendants' cross-claims are frivolous because Defendants allegedly did not follow the directions the Court provided in a previous order. *See id.* Defendants counter that, in a previous case management conference, this Court indicated that malicious prosecution was different than the previous defamation claim — presumably to address the accusation that they did not follow the Court's orders. *See* Opp. at 2. Defendants also assert that the "gravamen of a malicious prosecution is the filing of a frivolous lawsuit," and that, therefore,

3

the allegedly frivolous lawsuit by Miletak merits their claim of malicious prosecution. *See id.* The Opposition does not appear to address Miletak's arguments as to their cross-claims for IIED and NIED. *See* Opp.

Miletak's motion for sanctions is clearly not warranted under the circumstances. While the Defendants' cross-claims might ultimately be without merit, an "imposition of a Rule 11 sanction is not a judgment on the merits of an action." *Cooter*, 496 U.S. at 396. Instead, the Court analyzes the "collateral issue" of whether counsel has abused the judicial process. There is little evidence of such abuse.

For the malicious prosecution cross-claim, Miletak is incorrect that the substance of this claim remains protected by litigation privilege. *See* Mot. at 6. This is because "[c]ourts have applied the litigation privilege to all torts, *with the exception of actions for malicious prosecution.*" *Ingrid & Isabel, LLC v. Baby Be Mine, LLC*, 70 F. Supp. 3d 1105, 1140 (N.D. Cal. 2014) (emphasis added). The filing of this cross-claim consequently heeds the Court's prior admonition that Defendants should be cautious to not bring amended cross-claims that would be invalid due to litigation privilege. *See* Order re Pending Mots. at 7; *see also* Order re Am. Mots. Thus, there is no basis for this Court to conclude that Defendants' cross-claim for malicious prosecution would merit a Rule 11(b) sanction, as it is certainly not "clearly frivolous, legally unreasonable or without legal foundation." *Operating Eng'rs Pension Trust.*, 859 F.2d at 1344. Defendants are indeed correct that that the "gravamen of a malicious prosecution is the filing of a frivolous lawsuit." Opp. at 2; *see* Barry A. Lindahl, *Misuse of legal process: Malicious prosecution, malicious use of civil process and abuse of process compared,* 4 MODERN TORT LAW: LIABILITY AND LITIGATION, § 39:2 (2d ed.) (May 2022) ("The essence of the tort is said to be the right to be free from unjustifiable litigation."). Therefore, while the failure of Defendants' counsel to adequately plead the prima facie case for malicious prosecution did lead to its dismissal, *see* Order re Am. Mots. at 4–5, a failure to adequately plead the elements in this case does not meet the high bar required to justify sanctions.

The filing of the IIED and NIED cross-claims presents a closer question. However, while the Court has already found that Darcel Lang's amended cross-claims for IIED and NIED cannot

4

1    move forward because the underlying statements are protected by litigation privilege, *see* Order re
2    Am. Mots. at 3–4, the filing of these cross-claims still fails to constitute an abuse of the judicial
3    process that would merit Rule 11(b) sanctions.  The Court had allowed an amended filing by Lang
4    in its initial order because it determined that Lang may have a colorable claim that would not be
5    blocked by litigation privilege.  *See* Order re Pending Mots. at 7 ("[I]t is not absolutely clear that
6    amendment would be futile.").  Defendants' counsel ultimately failed to plead a cause of action
7    that would overcome litigation privilege.  While Defendants' counsel should have realized that the
8    amended cross-claims would fail due to litigation privilege, *see* Am. Answer & Cross-Cl. ¶ 9
9    (basing IIED cross-claim on Miletak's "frivolous litigation alleging defamation and related causes
10   of action"); *id.* ¶ 15 (basing NIED cross-claim on Miletak's filing of "a frivolous, ridiculous and
11   baseless lawsuit"), the Court still finds it inappropriate to grant Miletak's motion for sanctions in
12   this matter.
13        The Court has significant discretion in determining whether Rule 11 sanctions shall be
14   applied.  *See Cooter*, 496 U.S. at 402–404.  Moreover, it bears repeating that "Rule 11 is an
15   *extraordinary* remedy, one to be exercised with *extreme* caution."  *Operating Eng'rs Pension
16   Trust*, 859 F.2d at 1345 (emphasis added).  Sanctions should only be brought under "*rare and
17   exceptional*" circumstances.  *Id.* at 1344 (emphasis added).  Defendants' counsel brought these
18   claims ostensibly in a good faith effort to address the harm done to their client by an allegedly
19   frivolous lawsuit.  Moreover, though Defendants' counsel did not provide counterarguments to
20   defend their claims of NIED and IIED against Miletak's motion for sanctions, this was likely
21   because the Defendants' opposition was filed *before* Miletak's official motion for sanctions.
22   Miletak only made cursory mention of sanctions in his initial motion to dismiss/strike and failed to
23   identify any specific, violative conduct.  *See* Original Mot. at 15.  Miletak then filed a separate,
24   formal motion for sanctions in a later motion over a month later.  *See* Mot.  Though Miletak's
25   unorthodox filings are permitted in light of the liberal constructions afforded to *pro se* litigants,
26   *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the reality that Defendants' counsel has
27   been responding to such unconventional motion practice colors the Court's perception of whether
28   they have engaged in abuse of judicial process.  Ultimately, the purpose of Rule 11, which, *inter*

*alia*, is to discourage "dilatory or abusive tactics," would simply not be served by sanctions against Defendants' counsel in this matter. *See* Kathleen M. Dorr, Annotation, *Comment note— general principles regarding imposition of sanctions under Rule 11, Federal Rules of Civil Procedure*, 95 A.L.R. Fed. 107, § II.3 (1989).

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Miletak's motion for Rule 11 sanctions is DENIED.

Dated: November 21, 2022

_____
BETH LABSON FREEMAN
United States District Judge